UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|   |   |
|---|---|
| Richard Crawford,<br>    Plaintiff, on behalf of himself and<br>    all similarly situated persons,<br><br>v.<br><br>Manchester Housing and Redevelopment Authority,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:13-CV-00254-PB |

## **CONSENT ORDER**

Plaintiff Richard Crawford and Defendant Manchester Housing and Redevelopment Authority hereby agree that the following order shall issue:

   1.    The decision of defendant's hearing officer dated April 10, 2013, upholding termination of the plaintiffs rental assistance due to his having engaged in violent or other criminal activity shall be vacated.

   2.    Plaintiff's rental assistance shall terminated effective August 22, 2013 due to his continued absence from the assisted unit, pursuant to 24 C.F.R. 982.312.

   3.    By the completion of its next annual review of its Housing Choice Voucher Administrative Plan ("the Plan") defendant shall amend Chapter 18, Section D, of the Plan by striking the second paragraph on page 18-6 and replacing it with the following:

> The Hearing Officer will determine whether the action, inaction, or decision of the MHRA is legal in accordance with HUD Regulations and this Administrative Plan based on the evidence and testimony provided at the hearing. The MHRA shall have the burden of proving factual grounds for termination by a preponderance of the evidence.
>
> At a hearing on the termination of a voucher based on alleged criminal activity by the tenant, the hearing officer shall uphold the termination if the MHRA establishes by a preponderance of the evidence that the tenant has engaged in such criminal activity whether or not the tenant has been arrested or convicted. The MHRA may not satisfy its burden of proof by solely presenting evidence that the tenant was arrested and charged with a crime. Instead, the MHRA must

2

    present factual evidence of actions and/or inactions in which the tenant engaged that establishes by a preponderance of the evidence that the tenant engaged in criminal activity.

    As used in this section the term "criminal activity" means all criminal activity defined in 24 CFR 982.553. The term "tenant" includes any member of the tenant household.

4.    No costs or attorneys fees shall be awarded to either party.

_____      _____
Date      Presiding Justice